**Clifford Arvin HART, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35476.

Court of Criminal Appeals of Texas.

March 20, 1963.

Rehearing Denied May 1, 1963.

No attorney on appeal, George T. Thomas, Big Spring, on rehearing, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is operating a motor vehicle upon a public road while intoxicated; the punishment, 30 days in jail and a fine of $100.

No brief has been filed on appellant's behalf.

The undisputed evidence, including the testimony of the appellant, shows that he was driving an automobile on Highway 80 in Hudspeth County at a high rate of speed and was stopped after he passed a Highway Patrol car.

Deputy Sheriff Stubbs, one of the arresting officers testified that appellant was unsteady on his feet; had the odor of alcohol on his breath and that "he didn't talk normal as a person should." He expressed the opinion that appellant was intoxicated.

Patrolman Dennis Palmer testified that when the appellant got out of the car "he was real unsteady on his feet, and he leaned against the car for support. * * * I could smell the odor of some alcoholic beverage on his breath, quite strong, and I formed the opinion that the man was intoxicated."

Other evidence introduced by the state showed that a partially full fifth of whisky was found under the right hand seat of the car. It was also shown that a sample of urine taken from the appellant, and tested for alcohol content, contained .30% alcohol by weight and that any alcohol concentration above .125% in a urine specimen indicates intoxication.

The appellant testified that he poured out part of a bottle of coke and poured in whisky and "drank along on it", and his companions in the car did likewise; that after he drank his he drank "a swallow or so" from someone else's. He further testified that he had been drinking the night before.

It is apparent that the appellant believed that he was not intoxicated, despite his having consumed some whisky. When he was advised that he was to be charged with D.W.I. he volunteered to take a test to prove that he was not. Unfortunately the test showed intoxication, again demonstrating that the consumer of intoxicating liquor is apt to be a poor judge of his condition of sobriety.

Appellant filed motion for continuance because of the absence of Paul Horn, one of his companions at the time of his arrest. The witness was in the county when the appellant was released from jail, but was not served with a subpoena. He resides in the State of New Mexico and, according to the affidavit attached to appellant's motion for new trial, his only reason for failing to appear at the trial was that he forgot.

The testimony which the witness averred he would have given follows closely the appellant's version of his condition of sobriety and his consumption of whisky. The trial judge was warranted in concluding that, had a new trial been ordered and had the witness remembered to appear, as he says he promised, a different result would not likely have been reached.

We conclude that the record does not show an abuse of discretion on the part of the trial judge in overruling the appellant's application for continuance and for new trial. Hoover v. State, 107 Tex.Cr.R. 600, 298 S.W. 438.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

McDONALD, Judge.

While the appellant might not have been expected to follow the procedure suggested in our original opinion and to have had a subpoena issued for the witness Paul Horn at the time of his (appellant's) release from jail, we do not think that appellant did all he could have done toward exercising necessary diligence in securing the attendance of the witness Horn. Appellant apparently failed to impress upon this witness the urgency and need for his testimony, since the witness forgot to appear.

In reviewing the record before us, we observe that the affidavit of the absent witness, Paul Horn, attached to appellant's amended motion for new trial, states:

"On the 17th day of December, 1961, I was with Clifford A. Hart when he was arrested * * * near Sierra Blanca, Texas and charged with driving while intoxicated.

* * * * * *

"I worked until noon on the 17th of December, 1961, and when I got off Clifford Hart was waiting for me * * *."

The information, filed on December 13, 1961, charged and the evidence reflects that the offense was committed on December 9, 1961.

The discrepancy in the dates shown is perhaps an honest mistake of fact, or a clerical error, but yet it tends to create doubt and to further exemplify the forgetful nature of the witness Horn and, in our judgment, does bolster the conclusion of the trial judge in reaching the decision he did.

Remaining convinced that this cause was correctly disposed of upon original submission, the motion for rehearing is overruled.